FOREST COUNTY, Respondent, vs. LANGLADE COUNTY, Appellant.

*April 10 — April 29, 1890.*

*Constitutional law: Division of counties: Apportionment of assets and liabilities: Enforcement of claims.*

1. The creation or division of counties, and the adjustment of the respective rights and liabilities of the new and old counties as to the assets and debts of the latter, are not part of the system of county government, which, by sec. 23, art. IV, Const., is required to be uniform.

2. A general law providing for the apportionment of debts and credits in all cases where new counties are created, does not deprive subsequent legislatures of the power to provide otherwise as to counties created by them.

3. An act providing for the appointment of commissioners to adjust and settle the rights of the old and new counties, in such a case, does not violate sec. 2, art. VII, Const., where it allows an appeal to the courts from the determination of the commissioners. [Whether the act would be valid if such appeal were not allowed, not determined.]

4. Where a new county is created by division of an old one, a claim in favor of the new county under the act of division need not be collected in the manner prescribed by secs. 676, 677, R. S., especially where the legislature has made special provision for adjusting and enforcing such claims.

APPEAL from the Circuit Court for *Langlade* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This appeal involves the constitutionality of the legislation in regard to the division of *Langlade* county and the creation of *Forest* county. In 1885, by ch. 436 of the Laws of that year, *Langlade* county was divided and the county of *Forest* was created; and sec. 10 of that chapter is the only part of the chapter material to this matter. Sec. 10 reads as follows: " The county board of *Forest* county, and the county board of *Langlade* county, shall meet in the county

house at Antigo, on the first Tuesday in June, 1885, to adjust and settle all matters of property, debts, credits assets, and liabilities of *Langlade* county on the day when this act shall take effect, and for that purpose each and both of said county boards shall have all the powers necessary to a full and complete settlement of all matters between said counties. The territory hereby detached from Lincoln county and attached to *Langlade* county shall be liable for and chargeable with its just proportion of all the indebtedness of Lincoln county at the date when this act shall take effect, but shall not be liable for any of the indebtedness of *Langlade* county incurred prior to the taking effect of this act."

At the same session the legislature enacted ch. 334, Laws of 1885. Sec. 2 of said ch. 334 reads as follows: "When any territory shall be detached from any county, town, city, village, or school district in this state, and the same shall be annexed to any other county, town, city, village, or school district therein, or any new county, town, city, village, or school district shall be in whole or in part created from such territory so detached, the county, town, village, city, or school district to which the same shall be annexed, or which shall be in whole or in part detached therefrom, shall be liable to the county, town, city, or village, or school district, from which the territory was so detached, for its just share of the liabilities and indebtedness, and. shall receive the just share of the credits from the county, town, village, city, or school district from which the same shall have been detached, which shall be apportioned by ascertaining what ratio the portion detached bears to the territory from which the same was detached, and the last prior assessment shall be used as the basis in determining the same."

Ch. 334 was approved April 3, 1885, and published April 15th; ch. 436 was approved April 11, 1885, and was pub-

lished April 14th; and both originated in the assembly. It is evident that the legislature which enacted these two laws supposed sufficient provisions had been made by these two acts for the settlement of the rights of the counties of *Langlade* and *Forest*, growing out of the division of *Langlade* and the creation of the county of *Forest;* but it seems the legislature was mistaken.

It appears from the record that the county boards of the two counties met at the county house in Antigo, but they failed to settle and adjust the rights of the counties growing out of the division of *Langlade* and creating *Forest*, as it was expected they would do under the provisions of chapters 334 and 436 of said session of 1885. There had been no settlement or adjustment of the rights of said counties when the legislature met in 1887, and thereupon the legislature of 1887 enacted ch. 537, Laws of 1887. Secs. 1 and 2 of said chapter read as follows: "Section 1. The judge of the tenth judicial circuit is hereby authorized and directed to appoint three commissioners, one from *Langlade* county, one from *Forest* county, and one from the state at large, for the purpose of making a settlement of all assets and liabilities between *Langlade* and *Forest* counties, according to the provisions of section 10 of chapter 436 of the Laws of 1885. Section 2. The said judge shall appoint said commissioners on or before June 1, 1887, and at the time of making such appointment he shall fix the compensation of such commissioners, one half of which compensation shall be paid by each of said counties." Sec. 3 of the act requires the commissioners to make and file their decision with the clerk of each of said counties within three months, and provides that either county may appeal from such decision to the circuit court, by serving a written notice, etc., within twenty days after filing the decision of the commissioners, and, if no appeal be taken, the sum awarded by said commissioners against either county shall

be deemed a just claim against said county, to be collected as other claims. Sec. 4 provides for the appropriation of the money, if the award shall be in favor of *Forest* county.

Commissioners were duly appointed by the judge of the tenth judicial circuit, and such commissioners made and filed their decision with the clerks of the respective counties, as required by the act, on August 13, 1887. From this decision both counties appealed, in the manner and within the time prescribed by said act. The two appeals were consolidated, and it was stipulated that *Forest* county be denominated "plaintiff," and *Langlade* county "defendant," in such consolidated action, and that *Langlade* county be the place of trial, subject to the right of removal, as in other cases, for cause shown. On the 4th of September, *Langlade* county made a motion in the action, based upon the decision of the commissioners and the papers and proceedings therein, "to vacate and declare void the decision of said commissioners appointed under said ch. 537, Laws of 1887, for the reason that said ch. 537, Laws of 1887, is unconstitutional and void, and that they had no jurisdiction or legal authority to make said decision or to act as commissioners, and that all these acts and proceedings are null and void, and, because the commissioners who made the decision had no jurisdiction in the premises, the circuit court can take none by appeal." The circuit court denied this motion, and from the order denying such motion the county of *Langlade* appeals to this court.

For the appellant there were briefs by *Geo. L. Schintz,* district attorney, and *Lynch & Latta,* of counsel, and oral argument by *G. W. Latta.*

For the respondent there were briefs by *F. J. & C. F. Lamb,* and oral argument by *F. J. Lamb.*

TAYLOR, J. On this appeal the learned counsel for the appellant county contend (1) that ch. 537, Laws of 1887, is

Forest County vs. Langlade County.

void under sec. 23, art. IV, Const., relating to town and county government; (2) that the act is void because it attempts to establish a judicial tribunal not known to the constitution, and so is a violation of sec. 2, art. VII, Const.; (3) that the commissioners had no jurisdiction, because *Forest* county has not complied with the provision of secs. 676, 677, R. S.

The learned counsel for the appellant has made a very exhaustive and able argument upon the first two objections to the law. We think, however, that this court has in repeated decisions held that these positions taken by the learned counsel are not tenable. The contention that the act of 1887 is a violation of the uniformity of the laws establishing county government is clearly untenable. This court has held that the rights of new counties formed out of the territory of another county or counties, and the liabilities of such new counties to pay any part of the debts of the counties from which they are formed, depend entirely upon the action of the legislature as declared at the time of forming such new counties. It is clear, therefore, that one legislature cannot, by enacting a general law, bind a future legislature as to its power to determine what rights or liabilities a new county may have or shall assume at the time of its creation. It is true that by ch. 334, Laws of 1885, the legislature did, by a general law, fix the rights of counties, towns, etc., when formed from other towns or counties, and such general law would probably be held to govern when the legislature thereafter made any divisions of or created new towns or counties, and made no declaration in the acts dividing or creating the same as to what their relative rights and liabilities should be. Ch. 334, Laws of 1885, does not in any true sense become a part of the system of town and county government referred to in the constitution. The creation of towns or counties, or the division of them, is not a part of such system of government, nor is

the question of the rights of such new towns or counties to the assets of the towns or counties out of which they are formed, or their liabilities for the debts of the old towns or counties out of which they are formed, any part of such system. It is a matter which pertains only to their creation, and not to their subsequent government. And the legislature has complete control of that subject, and may determine it in each particular case as it arises, and no former legislature, by the enactment of any general law on the subject, can deprive a subsequent legislature of the power to determine the rights and liabilities of such new organizations growing out of their creation. *Crawford Co. v. Iowa Co.* 2 Pin. 368; *Milwaukee v. Milwaukee,* 12 Wis. 93; *Morgan v. Beloit City,* 7 Wall. 613; *Depere v. Bellevue,* 31 Wis. 120; *Mount Pleasant v. Beckwith,* 100 U. S. 514; *Knight v. Ashland,* 61 Wis. 233; *Schriber v. Langlade,* 66 Wis. 616, 629, 631; *Chicago & N. W. R. Co. v. Langlade Co.* 56 Wis. 614, 622, 624; *Cathcart v. Comstock,* 56 Wis. 590, 608, 609; *Yorty v. Paine,* 62 Wis. 154, 161; *Hall v. Baker,* 74 Wis. 118; *State ex rel. Graef v. Forest Co.* 74 Wis. 610, 615. These cases, it seems to us, settle the question for this court at least, that the creation of new counties, or the division of one county and attaching a part of its territory to other territory, and thereby forming a new county, and the declaring the liabilities of such old county to the new and the new to the old, is not a part of the system of county government intended to be made uniform by said sec. 23, art. IV, of the constitution.

Was the act of 1887 void under the provisions of sec. 2, art. VII, of the constitution? We think this question must also be answered in the negative. It is said that the act of 1887 conferred judicial powers upon the commissioners appointed to adjust and settle the rights of the respective parties, and is therefore void under this provision of the constitution. If this act be unconstitutional for that cause,

then all the laws of this state which submit questions involving the rights of persons to any officers, boards, or persons other than the regularly constituted courts of the state, are void for that reason; the laws requiring certain claims against towns, counties, cities, and villages to be first submitted to the boards of supervisors of towns and counties, to the trustees of villages and the common councils of cities, are all void; and all laws appointing commissioners to estimate the damages of parties whose lands are taken for highways or for railroad purposes, and other laws too numerous to mention, are void. But this court has held all such laws valid in all cases where the decisions of such boards or commissioners or appraisers are not made final, and an appeal is given from their decisions to the regularly constituted courts of the state. *Gough v. Dorsey,* 27 Wis. 119, 131, 133; *Gaston v. Babcock,* 6 Wis. 503, 507; and numerous decisions of this court, holding the laws valid which require claims against counties, towns, cities, and villages to be presented and passed upon by the appropriate boards before action can be maintained thereon. There can be no difference in principle in requiring the county of *Langlade* to submit its claims against the county of *Forest* to the commissioners appointed under the law of 1887, than in requiring such county to submit its claims under the law dividing the county to the board of supervisors of *Forest* county in the first instance. In either case, it would be a preliminary proceeding required to be taken before the county should have the right to have the judgment of the court upon its rights. The right to have the judgment of the courts upon their claim is not taken away, but is secured by the right to appeal from the determination of the commissioners to such courts.

There is perhaps another view of the case which might justify the legislature in ordering the rights of the respective counties to be finally fixed by the commissioners appointed and without giving to either party the right of ap-

peal. As we have shown above, the legislature has plenary power over the question of the division of the assets and the liability for the debts of the old county from whose territory a new county, either in whole or in part, is created. And as the legislature might fix such rights absolutely, without referring the question to any other officers or to any court, it might be argued with great force they could provide for the determination of that question by commissioners or a board appointed for that purpose, and make their decision final. We do not, however, decide that question in this case.

From what has been said above, it is very clear that the board of supervisors of *Forest* county were not obliged to collect their claim against the county of *Langlade* in the manner prescribed by secs. 676, 677, R. S. The claim of *Forest* county against *Langlade* county, under the act creating *Forest* county and dividing *Langlade* county, was clearly not a claim coming within the letter or spirit of the said sections. And if the claim could have been enforced by proceedings under said sections, in the absence of any special provision for adjusting and enforcing it, such special provision was made, first, by the act dividing the county of *Langlade* and creating the county of *Forest*, by sec. 10, ch. 436, Laws of 1885, and afterwards by ch. 537, Laws of 1887.

We think sec. 10, ch. 436, Laws of 1885, and ch. 537, Laws of 1887, constitutional acts, and that the commissioners appointed under ch. 537, Laws of 1887, had jurisdiction of the matters referred to them, and that, upon an appeal from their decision, the circuit court acquired jurisdiction to try and determine the respective rights of the two counties arising out of the division of *Langlade* and the creation of *Forest* county by ch. 436, Laws of 1885.

*By the Court.*— The order of the circuit court appealed from is affirmed, and the cause is remanded for further proceedings according to law.