THE STATE EX REL. WALSH, Respondent, vs. HOLLAND, Appellant.

*November 29 — December 17, 1895.*

*Counties: Division: Apportionment of assets, etc.: Taxes subsequently collected: Award of commissioners: Statute construed.*

Ch. 150, Laws of 1893, creating the county of Vilas from a part of the territory of Oneida county, and attaching another part of said territory to Iron county, provided in sec. 7 for an apportionment among the three counties of the assets and liabilities of Oneida county, to be finally settled by a commission as therein directed. Sec. 8 provided that the act should not affect the collection of taxes assessed for the year 1892 in Oneida county, which should be made by the treasurer of that county, but that the delinquent taxes collected before the tax sale of 1893 upon lands situated in Vilas and Iron counties, and the proceeds of all tax certificates of said sale upon lands so situated, bid in at the sale, should be paid over by the treasurer of Oneida county to the treasurers of Vilas and Iron counties, respectively, on or before June 1, 1893, etc. *Held*, that the provisions of sec. 8 were mandatory and entirely independent of the provisions of sec. 7, and that an award of commissioners appointed under sec. 7 could not be pleaded in bar to a proceeding by *mandamus* to compel payment by the treasurer of Oneida county according to sec. 8.

APPEAL from a judgment of the circuit court for Oneida county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

*Mandamus.* The facts are stated in the opinion.

*Sam. S. Miller*, for the appellant.

For the respondent there was a brief by *N. A. Colman* and *Brown & Pradt*, and oral argument by *Neal Brown*.

CASSODAY, C. J.   By ch. 150, Laws of 1893, a portion of
the territory previously included in Oneida county was de-
tached and created into the county of Vilas.   That act was
published and went into effect April 15, 1893.   By the same
act another portion of the territory previously included in
Oneida county was detached therefrom and attached to the
county of Iron.   The seventh section of the act provided, in
effect, that Vilas, Iron, and Oneida should each be the exclu-
sive owner of all the real property within their respective
boundaries; and that Vilas and Iron should each be liable
for its just share of the liabilities and indebtedness then ex-
isting against Oneida, and should also be entitled to its just
proportion of the assets and resources of Oneida, to be as-
certained on the basis therein prescribed, and finally settled
through the intervention of a commission as therein directed.
The eighth section provided, in effect, that the act should in
no wise invalidate or affect the collection of taxes assessed
for the year 1892 in Oneida, but that the treasurer of that
county should proceed with the collection of such delinquent
taxes and the tax sales thereon in the same manner and with
the same effect as provided by law prior to the passage of
that act, and that such tax sales should be legal; that the
delinquent taxes collected before the tax sale of 1893 upon
lands situated within the counties of Vilas and Iron, respect-
ively, and the proceeds of all tax certificates of the tax sale
of 1893 upon such lands situated within the counties of Vilas
and Iron, respectively, bid in at the sale, *should be paid over
to the treasurers of Vilas and Iron counties, respectively, by
the treasurer of Oneida county, on or before June 1, 1893,* and
the proceeds of all certificates of the sale of 1893, assigned
by the county treasurer of Oneida, within the counties of
Vilas and Iron, respectively, on or before September 1, 1893,
and should be charged to Vilas and Iron counties, respect-
ively.

On August 4, 1893, the relator, as treasurer of Vilas

county, instituted this *mandamus* proceeding to compel the defendant, as treasurer of Oneida county, to pay over moneys in his hands, as commanded by the provisions of sec. 8 of the act. The defendant made his return to the alternative writ, and, issue being joined, the cause was tried and the court found the facts in effect as stated, and also found, in effect, that the defendant, as such treasurer, did collect and have in his custody as such treasurer, prior to June 1, 1893, of moneys so assessed and levied in the year 1892 as taxes in the territory set apart from Oneida county and so organized into Vilas county, the sum of $6,580.62, derived and received by him from the redemption of such delinquent taxes, and on such tax sales made in May, 1893; and that only $1,000 thereof had been paid over to the relator; that the relator was entitled to the balance thereof, and, in addition, $181.78, received and paid to the defendant, as such treasurer, in redemption of such taxes assessed in 1892; and ordered judgment accordingly. From that judgment the defendant brings this appeal.

In reaching such conclusion the trial court manifestly, and, as we think, rightfully, regarded the provisions of the eighth section of the act mentioned as mandatory and entirely independent of the provisions of the seventh section. Such provisions were so prescribed in order that Vilas county should have a proportionate share of the moneys so collected, and thus be enabled to carry on and administer the affairs of that county, irrespective of the state of the accounts and the division of the assets as they should be ascertained on final settlement through the intervention of commissioners, as prescribed by the seventh section of the act. True, some time after this proceeding by *mandamus* was commenced, commissioners appointed under the seventh section made an award, and that award was pleaded in bar of this *mandamus;* but we think the trial court properly held that it was not available for that purpose. The rights of

the respective counties upon final settlement must remain open, therefore, for determination in some other form of action or proceeding. Whether the award made by the commissioners is valid, and, if valid, is subject to be opened or to revision, are questions not determinable upon this appeal. We had before us the question of the validity of an award in a somewhat similar, but different, case, in *Forest Co. v. Langlade Co.* 76 Wis. 605.

*By the Court.*— The judgment of the circuit court is affirmed.