STATE, Plaintiff in error, vs. CLEVELAND and others, Defendants in error.

*May 7—November 16, 1915.*

*Public officers: Malfeasance: Supervisor transporting members to town board meetings: Allowance of bill for traveling expenses.*

1. The furnishing, by a member of a town board, of a conveyance to transport the members to and from their board meetings is not the purchase or sale of property or things in action nor a contract, proposal, or bid in relation thereto, within the meaning of sec. 4549, Stats., but is in the nature of labor or services.
2. The compensation of town supervisors being expressly provided for in sec. 850, Stats., and no provision being made for traveling expenses, they must themselves defray such expenses, and the allowance by the town board of bills for such expenses violates that clause in sec. 4549 which makes it an offense for any town officer to do "any other act in his official capacity or in any public or official service not authorized or required by law."

ERROR to review a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Reversed.*

For the plaintiff in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *L. Olson Ellis,* district attorney, and oral argument by *Mr. Messerschmidt.*

For the defendants in error·there was a brief by *G. M. & H. M. Perry,* and oral argument by *H. M. Perry.*

The following opinion was filed June 1, 1915:

WINSLOW, C. J. The three defendants constitute the board of supervisors of the town of City Point, Jackson county. An information charging them with malfeasance in office was quashed by the trial court and the state prosecutes a writ of error to reverse the ruling. The question presented is whether it is a criminal offense under sec. 4549, Stats. 1913, for one of the members of such a board to furnish a team and conveyance for the purpose of conveying the members of the board to and from their town board meetings, or to present a bill for the same to the board, or for the board to allow and pay the bill.

Upon the authority of *Menasha W. W. Co. v. Winter,* 159 Wis. 437, 150 N. W. 526, this question must be answered in the negative. In that case it was held that the section prohibited a public officer from having an interest in the purchase or sale of property or things in action or in any contract, proposal, or bid in relation to the same, and that the performing of services for the town would not be construed as coming within its meaning.

As said in that case, the statute is highly penal. The furnishing of a conveyance to attend a board meeting or to enable the board to transact necessary official duties is clearly not the purchase or sale of property or things in action, nor is it a contract, proposal, or bid in relation thereto. It is rather in the nature of labor or services. *Hogan v. Cushing,* 49 Wis. 169, 5 N. W. 490.

*By the Court.*—Judgment affirmed.

The following opinion was filed November 16, 1915:

WINSLOW, C. J. Upon the motion for rehearing our attention is called to the fact that upon the former hearing we

did not fully appreciate the contention of the *State.* That contention was, not merely that the auditing of a bill for livery hire in favor of one of the members of the town board was forbidden by sec. 4549, Stats., under the provision prohibiting town officers from being interested in contracts with the town, but that the town supervisors are not entitled to any allowance for traveling expenses, hence that their action in allowing a bill for such expenses violates the general clause of sec. 4549 which makes it an offense for any town officer to do "any other act in his official capacity or in any public or official service not authorized or required by law."

Upon mature consideration it seems that the point is well taken.

A public official's right to compensation is purely statutory; what the statute gives he receives, but no more. Mechem, Pub. Off. §§ 855, 856. Expenses are not allowed to town supervisors by any statute. Moreover, sec. 850 of the Wisconsin Statutes expressly fixes their compensation at the sum named by the annual town meeting, or in default of action by the town meeting at the sum of $3 per day. No provision is made for traveling expenses, and this means that, like other officials in that situation, they must defray their own expenses of this nature.

When, therefore, they allowed the bills in question they performed an act in their official capacity not only unauthorized by law but forbidden by law. The statute gives the widest possible latitude as to the punishment. A merely nominal fine may be imposed in the discretion of the trial court. Thus, that court may make due allowance for cases where it appears that there has been honest mistake and no criminal intent.

*By the Court.*—Judgment reversed without costs, and action remanded for further proceedings according to law.