OUTAGAMIE COUNTY, Respondent, vs. ZUEHLKE, Appellant.

*December 6, 1916—January 16, 1917.*

*Constitutional law: Legislative power: Counties: Authority to engage in abstract business: Uniformity in county government: "Corporate powers:" Special acts: Repeal: Register of deeds: Refusal to turn over fees to county: Estoppel: Officers: Compensation.*

1. The state constitution not being so much a grant as a limitation of power, the legislature has authority to exercise any and all legislative powers not delegated to the federal government nor expressly or by necessary implication prohibited by the national or state constitution.

2. The matter of title to lands and abstracts of title being one of public concern, and there being no constitutional provision which expressly or by necessary implication forbids such legislation, the legislature had power to enact ch. 270, Laws 1878, as amended by ch. 200, Laws 1881, which provided, among other things, that a set of abstract books compiled for and purchased by Outagamie county should be a part of the official records of the office of its register of deeds, that they be open to the public under certain specified restrictions, and that the register should keep up and continue such abstracts and should furnish abstracts on payment of prescribed fees, one half thereof to be retained by him and one half to be paid to the county.

3. Such keeping of abstract books by a county is not a governmental function in the sense that a law authorizing it in a particular county violates the uniformity of the system of town and county government required by sec. 23, art. IV, Const.

4. While by said ch. 270, Laws 1878, as amended, the abstract books are made a part of the official records of the office of register of deeds, they are made so under the limitations provided therein, and hence the restriction upon their use does not conflict with sec. 700, Stats., which requires that the records in the office

of the register of deeds be open to the public without limitation. *Rock Co. v. Weirich,* 143 Wis. 500, distinguished.

5. Said ch. 270, as amended, does not grant "corporate powers" to a county within the meaning of sec. 31, art. IV, Const.—prohibiting the legislature from enacting any special or private laws granting corporate powers except to cities.

6. In view of sec. 4987, Stats.,—providing in effect that no special act relating to a particular county shall be deemed to be repealed by the revised statutes, unless enumerated in the acts thereby repealed,—ch. 270, Laws 1878, as amended, was not repealed by the enactment of the revision of 1898.

7. One who, as register of deeds of Outagamie county, performed the services and received the fees prescribed by said ch. 270, as amended, cannot now allege the unconstitutionality of that statute as a ground for refusing to pay over to the county its proportion of the fees so collected.

8. A public officer takes his office *cum onere* and is entitled to no salary or fees except what the statute provides.

APPEAL from an order of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

This action was brought against the defendant to recover one half of the money charged and collected by defendant for making abstracts while he was register of deeds between October 1, 1910, and December 31, 1912, under the provisions of ch. 270, Laws 1878, as amended by ch. 200, Laws 1881.

The defendant answered, and among other things set up that ch. 270, Laws 1878, as amended, was unconstitutional and denied plaintiff's right to recover. The plaintiff demurred to the answer for the reason that it did not state facts sufficient to constitute a defense. The court below sustained the plaintiff's demurrer, and from the order sustaining such demurrer this appeal was taken.

For the appellant there was a brief by *Albert H. Krugmeier* and *Fred.V. Heinemann,* both of Appleton, and oral argument by *Mr. Krugmeier.*

For the respondent there was a brief by *Morgan & Benton* of Appleton, and oral argument by *John Morgan.*

KERWIN, J. The contention of the appellant is that the law is unconstitutional because (1) it authorizes the county to engage in private business; (2) that, if the business is governmental, the act breaks the unity and uniformity of county government; (3) that the act is a special act, in violation of sec. 31 of art. IV of the constitution.

The answer alleges that the county board of *Outagamie County* procured certain abstracts of title to real estate in said county according to Walton's system of abstracts at an expense of $8,989.26, and that afterwards the legislature of the state of Wisconsin passed ch. 270, Laws 1878, which was later amended by ch. 200, Laws 1881; that ch. 270, Laws 1878, as amended by ch. 200, Laws 1881, made said abstracts of title compiled for and purchased by said *Outagamie County* a part of the official records of the office of the register of deeds of said county, and further provided, among other things, that the register of deeds should have the custody of and safely keep the same, and that the same should be open to the public for reference at all times during business hours, but that no person should be permitted to take any memorandum or abstract therefrom except of the lands and real estate owned by such person, or which he was negotiating to purchase; that the register of deeds was required to keep up and continue said abstract of title affecting real estate in said county and should receive a fee therefor to be paid by those at whose request and for whom the same should be entered; and that the register of deeds should at all times, on demand and upon payment of fees, deliver an abstract of title of any land in said county, one half of the fee to be retained by the register for his own use and the other half paid into the treasury of the county, and that said register shall provide himself with books at the expense of the county for such purposes as provided in the act. The act further provides that the register of deeds shall report the number and character of instruments by him entered and file the

same with the county clerk of said county, which report shall
contain such other things as the act requires; that the county
board of supervisors of said county may at all times make
general regulations as to accounts to be kept by the register
of deeds of the fees by him received for transcripts from such
abstract.

1. It seems to be conceded by counsel for appellant that
there is no specific provision of the constitution of Wisconsin
which forbids in terms the legislation in question, but it is
said its prohibition is implied, and counsel in support of
this contention rely upon *Atkin v. Kansas,* 191 U. S. 207, 24
Sup. Ct. 124; *Rock Co. v. Weirick,* 143 Wis. 500, 128 N. W.
94; *Wis. K. I. Co. v. Milwaukee Co.* 95 Wis. 153, 70 N. W.
68; *Curtis's Adm'r v. Whipple,* 24 Wis. 350; *State ex rel.
Garrett v. Froehlich,* 118 Wis. 129, 139, 94 N. W. 50. *At-
kin v. Kansas, supra,* turns upon the constitutionality of the
eight-hour law as applied to municipalities. *Wis. K. I. Co.
v. Milwaukee Co., supra,* is a case where it was sought to sup-
port a purely private institution by public taxation, and it
was held that the public could not be taxed for a private pur-
pose. To the same effect is *Curtis's Adm'r v. Whipple* and
*State ex rel. Garrett v. Froehlich, supra.* In *Rock Co. v.
Weirick, supra,* this court merely held that a county could
not, without legislative authority, go into the abstract busi-
ness for profit. The case is therefore no authority in favor
of the appellant's position. In the instant case there is no
pretense that the public is taxed for a private purpose, hence
the contention that a particular county cannot engage in pri-
vate business at the expense of the public has no application
here. The matter of title to lands and abstract of title is
matter of public concern and has been so regarded by the leg-
islature. Under the law in question here the abstract is
under the supervision of a public officer, register of deeds,
and it is made open to the public under certain limitations
which the legislature had a right to impose. It is estab-

lished by the decisions of this court that our state constitution is not so much a grant as a limitation of power, therefore the state legislature has authority to exercise any and all legislative powers not delegated to the federal government nor expressly or by necessary implication prohibited by the national or state constitution. *Bittenhaus v. Johnston,* 92 Wis. 588, 595, 66 N. W. 805; *State ex rel. Graef v. Forest Co.* 74 Wis. 610, 43 N. W. 551; *State ex rel. Lamb v. Cunningham,* 83 Wis. 90, 146, 53 N. W. 35. An examination of the law under consideration, ch. 270, Laws 1878, as amended, clearly shows that it violates neither expressly nor by necessary implication any constitutional provision.

2. It is contended by counsel for appellant that the law breaks the unity and uniformity of county government, hence violates sec. 23, art. IV, of the state constitution, which provides that "the legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable." The law in question makes the abstract of title to real estate in *Outagamie County* purchased by the county board of supervisors of said county a part of the official records of the office of the register of deeds of said county, the same to be open to the public for reference under certain restrictions specified in the law. The act in no way interferes with uniformity of the system of town and county government.

There is no doubt under the repeated decisions of this court but that the legislature can confer special powers such as were conferred by the statute under consideration without violating the constitutional provision relating to uniformity of town and county government. *Single v. Marathon Co.* 38 Wis. 363; *Bryant v. Robbins,* 70 Wis. 258, 35 N. W. 545; *Forest Co. v. Langlade Co.* 76 Wis. 605, 45 N. W. 598; *Rock Co. v. Edgerton,* 90 Wis. 288, 63 N. W. 291; *State ex rel. Marinette, T. & W. R. Co. v. Tomahawk Common Council,* 96 Wis. 73, 71 N. W. 86.

It must also be borne in mind that courts will not declare a statute unconstitutional unless it appears clearly to conflict with the constitution. *State ex rel. Hicks v. Stevens,* 112 Wis. 170, 88 N. W. 48; *Peterson v. Widule,* 157 Wis. 641, 147 N. W. 966. It should also be remembered that the constitution only requires that the system of town and county government be as "nearly uniform as practicable." *State ex rel. Busacker v. Groth,* 132 Wis. 283, 112 N. W. 431.

The cases relied upon in this court by appellant do not reach the question here. They relate to matters of local and governmental concern, hence are a part of the system of town and county government, such as *Rooney v. Milwaukee Co.* 40 Wis. 23; *State ex rel. Keenan v. Milwaukee Co.* 25 Wis. 339; *State ex rel. Walsh v. Dousman,* 28 Wis. 541; and *State ex rel. La Valle v. Sauk Co.* 62 Wis. 376, 22 N. W. 572.

The history of legislation in this state on the subject under consideration as well as the decisions of this court show that ch. 270 as amended does not violate the constitutional provision respecting uniformity of town and county government. The legislature passed an act, ch. 352, Laws 1864, authorizing any county in the state on or before the 1st day of December, 1864, to purchase a set of abstract books and make them a part of the official records of the office of the register of deeds. The time was extended by the legislature by ch. 39, Laws 1867, to June 1, 1867. From June 1, 1867, to 1881 there was no general statute authorizing any county to purchase a system of abstract books. By ch. 326, Laws 1909, the legislature authorized counties to create the office of county abstractor. It is clear from decisions of this court and the history of legislation upon the subject that the keeping of abstract books is not a governmental function in the sense that it interferes with the system of town and county government within the meaning of the constitution.

It must be borne in mind in considering ch. 270 as

amended in connection with sec. 700 of the Statutes that they in no manner conflict and that all records in the office of the register of deeds required to be made and kept by sec. 700 are open to the public, and that the restrictions in ch. 270 as amended are confined to the abstract books purchased by *Outagamie County,* and that while the abstract books are made a part of the official records they are made so under the limitations provided for in the act, and in this respect the case under consideration is distinguishable from *Rock Co. v. Weirick,* 143 Wis. 500, 128 N. W. 94. So the restriction in ch. 270 as amended, making the abstract books accessible only to certain persons, in no manner conflicts with sec. 700, Stats. Sec. 700 makes the records therein referred to open to the public without limitation, while ch. 270 as amended, in speaking of the abstract books, provides, "and the same shall be open to the public for reference at all times during business hours, but no person shall be permitted to take any memorandum or abstract therefrom, except only of lands and real estate owned by any such person, or which he is negotiating to purchase." This restriction refers only to the abstract books and has no reference to the general records in the office of the register of deeds.

3. It is further contended that ch. 270 as amended is prohibited by sec. 31, art. IV, of the state constitution. This provision of the constitution prohibits the legislature from enacting any special or private laws granting corporate powers except to cities. Ch. 270, Laws 1878, as amended, does not grant "corporate powers" within the meaning of the constitution. Nothing need be said upon this point except to cite the ruling of this court against the appellant upon the proposition. *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493, 83 N. W. 851; *Att'y Gen. v. Railroad Cos.* 35 Wis. 425; *State ex rel. Att'y Gen. v. Portage City W. Co.* 107 Wis. 441, 83 N. W. 697.

4. It is also argued by appellant that ch. 270 has been re-

pealed.    This contention cannot be upheld.    Ch. 270 is a
special act.    Sec. 4987, Stats., provides:

"None of the general provisions of these revised statutes
·shall be construed so as to affect or repeal the provisions of
any special acts relating to particular counties, towns, cities
or villages or the officers or offices thereof unless such special
acts are enumerated in the acts hereby repealed."

This provision was in force when ch. 270, Laws 1878, was
passed and rules the question here, hence there was no repeal.

. 5. The argument is made by respondent that the appellant
is estopped from now contesting the validity of the law under
which he acted.    It is admitted by the demurrer that the
plaintiff paid nearly $9,000 for the abstract of title which
has become part of the records of the office of the register
of deeds under the provisions of ch. 270, Laws 1878, as
amended.

It is alleged in the answer that defendant kept this ab-
stract of title up to date, furnished abstracts to persons re-
questing the same, kept a record of the abstracts furnished,
the number of entries therein, and the amount of fees received
therefor, and performed the services and received the fees
prescribed by ch. 270, but neglected and refused to pay over
to the county its proportion of the fees provided by the law
under which he acted.    It is clear under the authorities that
upon the undisputed facts the defendant cannot act under
the law, receive the benefits, and now defend on the ground
that he had no authority to collect, and because the law is
unconstitutional.    *Bullwinkel v. Guttenberg,* 17 Wis. 583;
*Cairns v. O'Bleness,* 40 Wis. 469; *La Pointe v. Ashland,* 47
Wis. 251, 2 N. W. 306; *Remington v. Ward,* 78 Wis. 539,
47 N. W. 659.

Some claim is made by counsel for appellant that one half
the fees collected was not sufficient compensation and that
certain fees were not and could not have been collected by ap-
pellant, and that some of the instruments noted upon ab-

stract were taken from other offices.  This claim is wholly immaterial.  A public officer takes his office *cum onere.*  He is entitled to no salary or fees except what the statute provides.  *Stale v. Cleveland,* 161 Wis. 457, 152 N. W. 819, 154 N. W. 980; *Quaw v. Paff,* 98 Wis. 586, 74 N. W. 369; *Burgess v. Dane Co.* 148 Wis. 427, 134 N. W. 841; *Kewaunee Co. v. Knipfer,* 37 Wis. 496; *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74; *Madison v. American S. E. Co.* 118 Wis. 480, 485, 95 N. W. 1097.

We are convinced that the answer states no defense and that the demurrer thereto was properly sustained.

*By the Court.*—The order appealed from is affirmed.