HENRY, Respondent, vs. DOLEN, Appellant.

*March 13—April 7, 1925.*

*Officers: Compensation limited by statute: Excess payment: Recovery by taxpayer: Contract in which officer has pecuniary interest: Validity.*

1. A public officer takes his office *cum onere,* and is entitled to no salary or fees except those which the statute provides. p. 624.
2. The compensation of a member of the county board of Vernon county acting as a member of the county state road and bridge committee is limited, under sec. 82.05, Stats., to $400 in any one year, and any amount paid in excess thereof for services on such committee is an unlawful payment. p. 625.

3. Any right to compensation as a mere employee of the county board must rest upon contract, express or implied, and if the defendant, while a member of the county board, had any pecuniary interest in such a contract, he is subject to the penalties provided by sec. 4549, Stats., and the contract is rendered void, precluding him from recovering for such services. p. 625.

4. The defense of laches cannot be urged against a taxpayer suing to recover excess compensation paid to the defendant, since the taxpayers had no way of knowing that a member of the county state road and bridge committee was performing services beyond that for which the statute allowed compensation, nor that ostensible official services were being rendered as an employee of the county board; nor are taxpayers charged with constructive knowledge that an official will demand greater compensation than the law allows. p. 627.

APPEAL from an order of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

During the years 1921, 1922, and 1923 the defendant was a member of the county board of Vernon county and a member of its county state road and bridge committee. The compensation of the members of that committee was by sec. 1317*m*—5, Stats. 1921, and sec. 82.05, Stats. 1923, limited to $400 in each year. Notwithstanding this limitation, he filed a claim with the county board for services rendered as a member of said committee in 1921 for $503.66, in 1922 for $653.07, and in 1923 for $456.83. These claims were allowed by the county board and paid. The total excess of these claims over the amount allowed by statute is $413.56. This action was brought by the plaintiff as a taxpayer of Vernon county to recover said excess for the benefit of the county.

The defendant answered that he has been a member of the county board for upwards of fifteen years and a member of this particular committee for a period of ten years; "that in performing the necessary duties as a member of said committee there were often matters which needed the attention of some one connected with the county board in order

to properly guard the financial interests of the county, and that as defendant was familiar with the workings of the highways, roads, and bridges, he, as a member of the county state road and bridge committee, performed considerable services in addition to his regular duties as a member of said committee," and that it had always been customary for the county board to allow him compensation for such extra services. He specifies as instances of such extra services "that he attended the road school, responded to calls made by town boards of town highways where large bridges were to be built and which the towns did subsequently call upon the county to pay for one half thereof, and did aid the town boards in making arrangements for said bridges in order that the county would save money on account of his said services. That at times he would respond to the call of the town boards to consult relative to relocations of town highways in order to save the construction of large bridges, one half the cost of which would fall upon the county, and many other acts of service not required of him as a member of said committee." There are numerous allegations of similar services for which he charged and was paid by the county board, all of which he alleges were outside of the services required of him as a member of said committee.

The plaintiff demurred to the answer, which demurrer was sustained, and this appeal taken.

*C. J. Smith* of Viroqua, for the appellant.

*J. A. Moen* of Viroqua, for the respondent.

OWEN, J. A consideration of this case must be premised upon the well established proposition that a public officer takes his office *cum onere* and is entitled to no salary or fees except what the statute provides. *Outagamie Co. v. Zuehlke,* 165 Wis. 32 (161 N. W. 6), and cases cited on page 40. A member of the county board is entitled to a *per diem* for the time he is in actual attendance upon the sessions of the county board. Sec. 59.03, Stats. The county board may

provide for committees and fix their compensation, which in Vernon county is limited to thirty days in the aggregate for services on one or more committees. Sec. 1317*m*—5, Stats. 1921, which became sec. 82.05 in the Statutes of 1923, makes special provision for the appointment of a county state road and bridge committee and fixes the compensation of the members, which in the county of Vernon at all times was limited to $400 in any one year. The defendant was not a member of any committee of the county board except the county state road and bridge committee, and his official compensation was limited to his attendance upon the meetings of the county board and his services upon said county state road and bridge committee. He refers to no other statutory provision under which he was entitled to official compensation. As the statute relating to the county state road and bridge committee limited the compensation of members thereof to $400 in any one year, it is plain that any amount paid in excess thereof for services on that committee constituted an unlawful payment.

Although it appears that defendant's claim was filed and allowed as and for services as a member of the county state road and bridge committee, he alleges in his answer that he performed much service that was outside the duties of members of that committee. Any services performed by him must have been performed either in his official capacity or as an employee of the county board. If performed in his official capacity he is limited to the compensation provided by statute. If performed as an employee of the county board he is in no better position, because sec. 4549, Stats., penalizes any county officer who shall have, reserve, or acquire any pecuniary interest, directly or indirectly, in any contract, proposal, or bid in relation to any public service. Any right to compensation as a mere employee of the county board must rest upon contract, express or implied. The services for which defendant claims compensation were public services. To have a pecuniary interest in any such

contract subjects the defendant to the penalties prescribed by sec. 4549, Stats. It also renders the contract void. *Quayle v. Bayfield Co.* 114 Wis. 108, 89 N. W. 892; *Menasha W. W. Co. v. Winter,* 159 Wis. 437, 150 N. W. 526. While in the *Menasha Case* it was held, at page 453, that certain blacksmith's services rendered by the night watchman were not within the provisions of this statute, it is apparent that the court overlooked the fact that the statute indicts any pecuniary interest in a contract relating to public service as well as the "purchase or sale of any personal or real property or thing in action, or in any contract, proposal or bid in relation to the same." It is apparent that the excess payments made to the defendant here sought to be recovered were unlawful, whether the services rendered be construed as official or extra-official.

It is urged that this action is barred by laches, under the doctrine of *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798. In that case it was held that Mr. Grace, the attorney employed to conduct important litigation on behalf of the county and who rendered valuable services to the county in that behalf, would not be compelled to return to the county treasury money paid to him for such services at the suit of a taxpayer who had sat by and permitted Mr. Grace to render such services. It was held that the taxpayer, having knowledge of the fact that Mr. Grace was rendering valuable service to the county, should have brought the action promptly to prevent the carrying out of the unlawful contract between Mr. Grace and the county. A similar doctrine was applied to protect good-faith purchasers of county orders in *Webster v. Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451, while the doctrine did not avail the supervisors and other officers who corruptly and unlawfully issued the orders, nor certain contractors who guiltily received the same.

In *Northern Trust Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460, a taxpayer brought action to compel the sheriff to re-

store to the public treasury certain fees unlawfully paid to him. The sheriff urged the doctrine of laches as a defense, but it was not there applied, and it was there said that the following essentials are necessary to the maintenance of that claim:

"(1.) Knowledge on the part of the plaintiff of the course of dealing with the sheriff, indicating acquiescence therein; (2) performance of the services by the sheriff for which the alleged illegal charges were made, when he might and within reasonable probability would have omitted to do the work if he had supposed in advance, or had any reasonable ground to suppose, that his right to compensation therefor would be challenged; (3) benefit to the corporation reasonably commensurate with the charges for the services performed."

The very first essential to the application of the doctrine is lacking in this case, namely, knowledge on the part of the plaintiff of the course of dealing with the defendant, indicating acquiescence therein. It would be a most unfair doctrine to charge the taxpayers of the county with knowledge of the fact that a member of a committee of the county board was rendering services and charging for them in excess of the compensation provided by statute. It may be argued that he should have known of the payment made in 1921. But when payment was made the damage was done. The purpose of the application of the doctrine of laches is to compel the taxpayer to act at a time when his action may save an innocent person from loss. Prior to the filing of the claim with the county board the taxpayers of the county had no way of knowing that any member of the committee was giving to the discharge of his duties services beyond that for which the statute allowed compensation. Neither did the taxpayers have any way of knowing, if such were the fact, that services ostensibly official were being rendered by a member of the county board as a pretended employee of the county board for which compensation would be demanded as an employee. It must not be forgotten that in

the application of this doctrine there is a plain distinction between a stranger who in good faith renders services under a void contract of employment of which the municipality receives the benefit and services rendered by a public official, and especially where that official is a member of a body charged with the duty of contracting for such service. The taxpayer has a right to rely upon that official to guard and protect the public interest, and if he sees him rendering services which are apparently official he is not chargeable with constructive knowledge, at least, that he will expect or demand any greater compensation for such services than that to which he may be entitled under the law.

The defendant alleges that the services for which he charged extra compensation were not services required of members of the county state road and bridge committee, yet, as he details them in his answer, it is apparent that they were very closely allied to such duties and afforded no knowledge whatever to taxpayers that he was rendering services in an unofficial capacity. It plainly appears that the demurrer to the answer was properly sustained, and the order must be affirmed.

*By the Court.*—Order affirmed.