FREDERIC W. FLEISHAUER, District Attorney Portage County
You have requested my opinion concerning client confidentiality as it pertains to an integrated community human services department and provided the following background information.
In 1979, the Portage County Board of Supervisors voted to consolidate three county agencies pursuant to sec. 46.23, Stats. The three previously existing agencies were the Portage County Department or Social Services, the Portage County Unified Board, and the Portage *Page 274 
County Health Department. These three agencies were combined to become the Portage County Community Human Services Department.
The Portage County Community Human Services Department consists of a central administrative structure and four major divisions. Each division contains a number of sections which are responsible for various program areas. The Portage County Board has authorized the newly consolidated Department to carry on the duties, activities, and responsibilities charged to the three previous departments.
As a part of this consolidation, the Portage County Community Human Services Department has sought to develop a policy regarding the sharing of confidential client information between staff members. The problem with which that Department is confronted is that the statutes dealing with confidentiality seemingly assume that there are separate departments, as previously, existed in Portage County, rather than a consolidated agency.
You specifically ask whether, under the various statutes governing the confidentiality of client information, such a consolidated agency can freely exchange client information within the agency without obtaining the client's written consent. You have cited and discussed a number of statutes which address a question of confidentiality of client information, but which need not be discussed further in this opinion. It is sufficient to note that none of the statutes directly answers how the confidentiality provisions are to operate in the setting which you have described.
These statutes relating to confidentiality were enacted when the respective program responsibilities were carried out by separate agencies. Unless and until the Legislature addresses this issue, you have recommended that the Portage County Community Human Services Department adopt a policy which allows for a free exchange of client information only within each of the particular divisions of the Department. If client information is to be released to another division of the Department, it is your opinion that a written and informed consent by the client would be necessary.
I fully agree with your recommended approach and with your reasoning. I have considered secs. 146.81 to 146.83, Stats., which were created by ch. 221, Laws of 1979, and have concluded that these new *Page 275 
provisions relating to confidentiality of patient health care records do not affect the answer to the specific question which you have raised.
However, sec. 46.23(5), Stats., provides that the Community Human Services Board, as opposed to the Department, "shall possess all the powers and duties so assigned by law to boards organized under ss. 46.21, 46.22, 51.42, 51.437, 59.025(3)(a), 140.09 and 141.01, except as otherwise specified in this section or as specified by action of the county boards establishing such board." The director appointed by the Board is vested with all of the administrative and executive powers and duties of managing, operating, maintaining, and improving these programs. Sec. 46.23
(6), Stats. Therefore, although a written and informed consent by a client is necessary before client information is exchanged between divisions, it is my opinion that the Board and the director are not subject to the same limitation and that they have a right to view client information without a written and informed consent for any purpose related to their powers and duties.
I wish to commend you and your staff for complying fully with the guidelines set forth for district attorneys and county corporation counsels when requesting an opinion from this office. Although the problem that your request poses is both serious and complex, resolution of the issue was made easier by the thorough analysis which you provided consistent with the guidelines set forth in the preface to 62 Op. Att'y Gen. (1973).
BCL:DPJ
 *Page 1