CITY OF APPLETON, a Wisconsin municipal corporation, Petitioner-Respondent,

v.

TRANSPORTATION COMMISSION of Wisconsin and Town of Grand Chute, Respondents-Appellants.

Court of Appeals

*No. 83–358. Submitted on briefs September 6, 1983.— Decided November 22, 1983.*
(Also reported in 342 N.W.2d 68.)

For the appellant, Transportation Commission of Wisconsin, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Daniel D. Stier*, assistant attorney general.

For the appellant, Town of Grand Chute, the cause was submitted on the briefs of *Herrling, Clark, Hartzheim & Siddall, Ltd.*, and *Kevin Lonergan* of Appleton.

For the respondent the cause was submitted on the brief of *David G. Geenen*, city attorney, of Appleton.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  The Transportation Commission and the Town of Grand Chute appeal a judgment affirming in part and vacating in part the commission's order authorizing extension of sewer mains by the City of Appleton through the town's property, provided the city permits town residents abutting the new sewer mains to "hook up" to them. The circuit court concluded that the commission was without authority to order approval subject to such a condition. The town also appeals the court's denial of its motion to dismiss the city's petition for review on the ground that the city is not a "party aggrieved" by the commission's decision. We affirm the denial of the motion to dismiss, and modify the judgment to reinstate the condition ordered by the commission. As modified, we affirm the judgment.

In February, 1982, the City of Appleton, pursuant to sec. 86.16(1), Stats.,[1] requested the town's permission to construct an extension of water and sewer lines across a portion of property within the town's borders. The proposed extension was the shortest route between a municipal building planned by the city and its existing sewer system.

About a year before its request, the city ended its policy of permitting abutting property owners to connect their residences to water and sewer extensions outside the city limits. Under the new policy, such property owners could connect to city lines only after the city annexed their property.

The town responded to the city's request for an extension by asking if the request indicated the city had returned to its former policy of permitting connection by town residents, and by calling for cooperation between the town and city. The city considered the response a denial by inaction and appealed to the commission pursuant to sec. 86.16(5).[2] After a hearing, the commission issued

---

[1] Section 86.16(1), Stats., provides:

Any person, firm or corporation, including any foreign corporation authorized to transact business in this state may, with the written consent of the department with respect to state trunk highways, and with the written consent of local authorities with respect to highways under their jurisdiction, including connecting highways, construct and operate telegraph, telephone or electric lines, or pipe or pipelines for the purpose of transmitting messages, water, heat, light or power along, across or within the limits of the highway.

[2] Section 86.16(5), Stats., provides:

Any person, firm or corporation whose written application for permission to construct such lines within the limits of a highway has been refused, or when such application has been on file with the department or local authority for 20 days and no action has been taken thereon, the applicant may file with the department or local authority a notice of appeal to the office of the commissioner of transportation. The department or local authority shall thereupon return all the papers and action of the depart-

the order involved in this appeal. The scope of review of an agency decision by the court of appeals is identical to that of the trial court. *Frito-Lay, Inc. v. Wisconsin Labor and Industry Review Commission*, 95 Wis. 2d 395, 400, 290 N.W.2d 551, 555 (Ct. App. 1980).

## CITY'S STANDING

We first consider the standing issue presented by the town's motion to dismiss. An administrative decision is subject to judicial review if it affects the substantial interests of any person, sec. 227.15, Stats., and a petition for review, if otherwise without defect, will not be dismissed if it states facts sufficient to show that the petitioner is a "person aggrieved."[3] *See* sec. 227.19 (3), Stats. A petitioner is aggrieved if the agency decision directly injures the petitioner's legally recognized interests. *See Cornwell Personnel Associates, Ltd. v. DILHR*, 92 Wis. 2d 53, 61, 284 N.W.2d 706, 710 (1979).

The city has standing to challenge the commission's order on appeal. The city's petition alleges that the commission had no authority to require, as a condition of approval, that the city permit town residents to connect to the proposed sewer extension. If its claim is accurate, the commission's order is invalid and the city has been denied

---

ment or local authority to the office of the commissioner of transportation, and the office of the commissioner of transportation shall hear and try and determine the appeal on 10 days' notice to the department or local authority, and the applicant. The order entered by the office of the commissioner of transportation shall be final.

[3] "Person aggrieved" is defined in § 227.01 (8), Stats., which provides as follows:

A "person aggrieved" includes any person or agency whose substantial interests are adversely affected by a determination of an agency.

its right to a commission determination of the city's appeal as provided by sec. 86.16 (5).

The town asserts that the city is required to permit connection by abutting town residents under an agreement with the environmental protection agency concerning grant funds used by the city to build its sewer system. It argues, therefore, that the commission's order does not injure the city's interests. The record, however, indicates only that such a requirement once existed and has since been changed. There is no evidence that the city remains under such an obligation. The mere allegation that the city may be under a contractual obligation to perform the condition ordered by the commission is an insufficient ground on which to conclude that the city lacks standing to challenge the order.[4]

## CONDITIONAL APPROVAL

In vacating part of the order, the circuit court concluded that the commission had "no explicit authority [under sec. 86.16] to regulate utilities by attaching conditions to its consent." It rejected the argument that construction of the city extension, to which town residents would have no connection access, would cause unreasonable obstruction of the street by requiring the later construction of town sewer and water mains.

The nature and scope of an agency's authority is a matter of statutory interpretation or construction. *Grogan v. PSC*, 109 Wis. 2d 75, 77, 325 N.W.2d 82, 83 (Ct. App. 1982). Administrative agencies have only such power as

---

[4] Because the town has only alleged the existence of such an E.P.A. grant requirement, we need not address the city's arguments that the town lacks standing to raise the issue and that this is not the proper forum in which to raise it.

is expressly conferred or necessarily implied by the statutes under which they operate. Section 86.16 did not expressly authorize the commission to do more than "hear and try and determine" the appeal of the town's refusal to consent to the proposed utility construction, and to enter an order with respect to its determination. *See Brown County v. Department of Health and Social Services,* 103 Wis. 2d 37, 43, 307 N.W.2d 247, 250 (1981). Such statutes are generally strictly construed to preclude the exercise of power not expressly granted. *Browne v. Milwaukee Board of School Directors,* 83 Wis. 2d 316, 333, 265 N.W.2d 559, 567 (1978). Any reasonable doubt about whether an agency has power implied by a statute should be resolved against the exercise of such authority. *Kimberly-Clark Corp. v. PSC,* 110 Wis. 2d 455, 462, 329 N.W.2d 143, 146 (1983). Nevertheless, authority has been implied from Wisconsin Statutes. *See Wisconsin's Environmental Decade, Inc. v. PSC,* 69 Wis. 2d 1, 16, 230 N.W.2d 243, 251 (1975) ; *State v. Kort,* 54 Wis. 2d 129, 136, 194 N.W.2d 682, 686 (1972).

The power of the commission to grant conditional approval can be fairly implied from the language of sec. 86.16. The statute expressly granted the commission the authority to approve the extension in the face of the town's refusal to consent. Although the courts of this state have not done so, the United States Supreme Court has held in a similar case that the power to approve necessarily implies the power to grant conditional approval. In *Southern Pacific Co. v. Olympian Dredging Co.,* 260 US 205 (1922), federal statutes required the Secretary of War's approval of construction plans prior to construction of a bridge. The purpose of the law was to prevent obstructions to navigation. The secretary granted approval of certain construction plans provided the Southern Pacific Company remove the old bridge and piers. *Id.*

at 206. The Supreme Court stated "[t]hat the Secretary of War was authorized to impose the condition . . . does not admit of doubt. The power to approve implies the power to disapprove and the power to disapprove necessarily includes the lesser power to condition an approval." *Id.* at 208; *see also Ferry v. Udall,* 336 F.2d 706, 709 n. 4 (9th Cir. 1964). This common sense rule is equally applicable with respect to the commission's authority under sec. 86.16.

The specific condition attached to the commission's approval in this case was a valid exercise of its authority. The authority granted by sec. 86.16 is in the nature of a police power to prevent unreasonable obstruction of public highways by utilities. *Milwaukee Electric Railway & Light Co. v. City of Milwaukee,* 209 Wis. 668, 671, 245 N.W. 860, 861 (1932). To be a valid exercise of police power, the commission's order must have a rational relationship to the prevention of unreasonable highway obstruction by utilities. *See Noranda Exploration, Inc. v. Ostrom,* 107 Wis. 2d 205, 209, 320 N.W.2d 530, 532 (Ct. App. 1982). The evidence before the commission indicated that the town residents whose property would abut the proposed sewer would be required by county ordinance to be connected with a sewer or be prohibited from obtaining building permits for any major change to their dwelling. In addition, state law requires residences on land abutting streets containing public sewers to be connected to the sewer. Wis. Admin. Code § ILHR 83.01(2) (b) (1983). The commission could reasonably conclude that, were the city to install a sewer and prohibit access by abutting town land owners, the town might be compelled to install a parallel system to permit its citizens to comply with legal requirements. Construction to install a second sewer would cause an unreasonable obstruction of the highway that could be avoided by either denying the

city's request to extend across town property or by authorizing the extension conditioned on the city permitting connection by abutting land owners. The commission's order is rationally related to preventing unreasonable highway obstruction and should have been affirmed. We therefore modify that part of the judgment vacating the condition attached to the commission's order.

*By the Court.*—Judgment modified and, as modified, affirmed.