Vance W. NELSON, Plaintiff-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Defendant-Appellant,

DEFOREST AREA SCHOOL DISTRICT, Defendant-Appellant.

Court of Appeals

*No. 83–1116. Submitted on briefs March 9, 1984.—*
*Decided February 25, 1985.*
(Also reported in 365 N.W.2d 629.)

222

For the defendant-appellant DeForest Area School District the cause was submitted on the briefs of *Gerald C. Kops* and *Isaksen, Lathrop, Esch, Hart & Clark* of Madison.

For the defendant-appellant Labor and Industry Review Commission the cause was submitted on the briefs of *Earl G. Buehler* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Cheryl Rosen Weston* and *Cullen & Weston* of Madison.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

GARTZKE, P.J. The Labor and Industry Review Commission and the DeForest Area School District appeal a judgment reversing LIRC's decision denying Vance Nelson unemployment compensation benefits.[1] The dispositive issue is whether Nelson voluntarily terminated his employment, he having forgotten to accept by April 15, 1981 the district's offer to renew his teaching contract for the 1981–82 academic year. We conclude Nelson's termination was involuntary. We therefore affirm.

LIRC's factual findings are unchallenged. March 18, 1981 Nelson received a Notice of Renewal of Teaching Contract for the 1981–82 school year.[2] The notice told Nelson that he was required by sec. 118.22(2), Stats., to accept or reject renewal no later than April 15, 1981. Nelson made several unsuccessful attempts to hand-deliver his written acceptance to his school principal before April 11, the first day of spring vacation, and, LIRC found, forgot to return his acceptance by April 15. He delivered his acceptance to the office of the school superintendent Tuesday, April 21, the day after vacation ended. April 25, 1981 the superintendent informed Nelson that his late acceptance had been rejected. Nelson knew of the April 15 deadline, having been a teacher for four years.

Nelson conceded that he did not tell the principal's secretary why he wanted to see him and did not ask her to arrange a meeting. The principal was not in his office each time. Nelson did not sign his acceptance until April 20th.

LIRC held that Nelson's failure to turn in his acceptance by April 15 was "conduct inconsistent with the

[1] Our certification of this case to the supreme court was denied.

[2] LIRC made no finding but it is undisputed that Nelson also received a notice of renewal February 26, 1981.

continuation of the employment relationship and constituted a constructive, voluntary termination effective June 1, 1981." LIRC concluded that Nelson was therefore ineligible for unemployment benefits under sec. 108.04(7)(a), Stats.

LIRC's decisions under ch. 108, Stats., are judicially reviewable pursuant to sec. 102.23(1), Stats. Secs. 108.-09(7)(b), 108.10(4). The scope of appellate review under sec. 102.23(1) is identical to that of the trial court. *Shudarek v. Labor & Industry Rev. Comm.*, 114 Wis. 2d 181, 186, 336 N.W.2d 702, 705 (Ct. App. 1983).

The facts being undisputed, whether Nelson voluntarily terminated his employment is a question of law. *Nottelson v. ILHR Department,* 94 Wis. 2d 106, 115–16, 287 N.W.2d 763, 768 (1980). We are not bound by LIRC's conclusion of law, *West Allis School District v. DILHR,* 110 Wis. 2d 302, 304, 329 N.W.2d 225, 227 (Ct. App. 1982), but we will not upset LIRC's conclusion if a rational basis exists for it. *Shudarek,* 114 Wis. 2d at 186, 336 N.W.2d at 705.

The case law is well established:

When an employee shows that he intends to leave his employment and indicates such intention by word or manner of action, or by conduct inconsistent with the continuation of the employee-employer relationship, it must be held . . . that the employee intended and did leave his employment voluntarily . . . .

*Dentici v. Industrial Comm.,* 264 Wis. 181, 186, 58 N.W.2d 717, 720 (1953). In *Dentici,* the employe was discharged because he refused to accept a transfer from one department to another. The supreme court upheld the commission's determination that he had voluntarily terminated his employment. In *Shudarek, supra,* the employe knowingly refused to take action which would have allowed

her to continue her employment. We upheld LIRC's determination that she had voluntarily terminated her employment.

Nelson is not in the same position as the employes in *Dentici, supra,* and *Shudarek, supra.* Those employes were held to have voluntarily terminated their employment on the basis of their actions, even though they claimed they did not intend to terminate. LIRC's factual finding that Nelson forgot to deliver his acceptance by April 15 is undisputed.

A voluntary act is intentional. Failure to act through forgetfulness may be negligent but it is not intentional. Because Nelson's termination resulted from his forgetfulness, his termination was involuntary. Because LIRC's conclusion that Nelson voluntarily terminated his employment lacks a rational basis on the undisputed facts, it is rejected.

Accordingly, the trial court correctly reversed LIRC's decision.

*By the Court.*—Judgment affirmed.