TIMOTHY F. CULLEN, Secretary Department of Health and SocialServices
You inform me that some counties are experiencing work load or budget problems in receiving and investigating reports of abused or neglected children under section 48.981, Stats., which has generated interest in having some or all of these activities performed by private agencies or public agencies other than the county department of social services under a contract with the county. Your legal staff has advised you that although contracting of independent investigations is allowable under section 48.981 (3)(d), contracting for the other reporting and investigatory activities would violate the provisions of section48.981. However, some counties strongly believe that the general authority of a county to enter into contracts under sections46.22 (1)(e) and 46.23 (5)(d) is applicable to these situations under section 48.981.
In view of the continued dispute concerning child abuse and neglect contracting, you first ask whether a county department of social services or county department of human services may contract with other agencies to obtain section 48.981 reporting or investigatory services in situations other than performance of the independent investigations required by section 48.981 (3)(d). You also ask that I discuss what impact such contracts would have on disclosure of information under the confidentiality provisions of section 48.981 (7).
It is my opinion that a county cannot enter into a contract with such other agencies to perform services other than independent investigations required by section 48.981 (3)(d). In taking this position, I am fully aware that section 46.22 (1)(e) allows a county *Page 287 
department of social services to contract with public or voluntary agencies or others to purchase care and services which that department is authorized by any statute to furnish in any manner. A similar provision for contracting by county human services departments is found in section 46.23 (5)(c) and (d).
Section 48.981 (3)(c) requires the county department of social services to initiate a diligent investigation within twenty-four hours after receiving a report of abuse or neglect to determine if the child is in need of protection or services. Subsection (3)(d) provides that if an agent or employe of a county department required to investigate is the subject of a report or if the county department determines that, because of the relationship between the county department and the subject of the report, there is substantial probability that the county department would not conduct an unbiased investigation, the county department shall notify your department. Thereafter an independent investigation is conducted either by your department, another county department or a child welfare agency designated by you.
If your department designates a county department under sections 46.215, 46.22, 46.23, 51.42 or 51.437, that department must conduct the independent investigation. If a licensed child welfare agency agrees to conduct such an independent investigation, your department may designate that agency to do so.
It should be noted in passing that considerable confusion was eliminated with the enactment of 1985 Wisconsin Act 176 which changed all references under section 48.981 from "county agency" to "county department." While the term "county agency" was vague and required considerable interpretation, a "county department" is defined under section 48.02 (2g) to mean a county department of social services or human services unless the context requires otherwise. For example, section 48.981 (3)(d)2. specifically allows your department to designate a department under sections51.42 or 51.437 to conduct an independent investigation.
The Legislature has clearly defined which agency is to perform the normal child abuse and neglect investigations. By creating a specific exception to this norm under subsection (3)(d) for independent investigations, the Legislature reaffirmed that all other reports are to be received and investigated by only the county department under subsection (3)(c). *Page 288 
Subsection (3)(d) concludes in the last sentence that the "powers and duties of the department or designated county department or child welfare agency making an independent investigation are those given to county departments under sub. (3)(c)." The quoted language is significant because in the absence of such language, it would be questionable whether an independent investigator would have the same rights and duties as the county department. Again the Legislature has indicated that independent investigations have a special status.
The Legislature apparently decided that child abuse or neglect cases are not the kind of matters that should be handled by contracting with whatever public or private agencies are willing to do so. Instead of piecemeal delivery of service and supervision, the county department is directed to make the investigations as part of the duty to provide a continuum of service and supervision by those experienced and proficient in juvenile matters.
The confidentiality provisions of section 48.981 (7) pose an additional problem. In the context of your question, reports and records may be disclosed only to appropriate staff of your department or a county department, a professional employe of a county department under sections 51.42 or 51.437 who is working with the child with or under the supervision of the county department of social services or human services, and another county department currently investigating an abuse or neglect report. None of these exceptions under subparagraph (a)2., 5. and 7. allow for general access by another agency, public or private, under the proposed contract arrangements.
My predecessor concluded that a written and informed consent was necessary before client information could be released to another division within a county community human services department organized under section 46.23. 69 Op. Att'y Gen. 273 (1980). Unless specifically authorized to do so, a county department under section 48.981 (7) cannot freely exchange information even with other state or county governmental units.
You also ask whether, assuming that counties have some contracting rights under section 48.981 (3)(c), your department has the authority to require its approval prior to the implementation of such county contracts. You note that section48.981 (3)(c) requires that all investigations "be conducted in accordance with standards *Page 289 
established by the department for conducting child abuse and neglect investigations . . . ." Although these questions deal with the child abuse and neglect statute, I agree with your observation that my response may have widespread impact on other programs.
The nature and scope of an administrative agency's authority is a matter of statutory interpretation. City of Appleton v.Transportation Commission, 116 Wis.2d 352, 357, 342 N.W.2d 68
(Ct.App. 1983). The plain language of subsection (3)(c) limits your concern to the manner in which investigations are "conducted" and does not extend to approval of the terms of any contract between the county department and another agency even if such contracting is allowable.
Your legal staff has advised you that it would be possible for a county to contractually obtain its regular investigation services from another county's department under section 66.30. This section authorizes local governments to enter into contractual arrangements with each other whereby powers would be exercised jointly or one government would perform services for another government.
Counties have only such powers as are expressly granted by statute or which are necessarily implied. Maier v. Racine County,1 Wis.2d 384, 385, 84 N.W.2d 76 (1957). I am concerned over whether a combined reading of sections 48.981 (3)(c) and 66.30 results in a grant of power or a limitation of the exercise of power in the specific area of child abuse and neglect investigations.
Section 66.30 (2) provides:
 In addition to the provisions of any other statutes specifically authorizing cooperation between municipalities, unless such statutes specifically exclude action under this section, any municipality may contract with other municipalities, for the receipt or furnishing of services or the joint exercise of any power or duty required or authorized by law. If municipal parties to a contract have varying powers or duties under the law, each may act under the contract to the extent of its lawful powers and duties. This section shall be interpreted liberally in favor of cooperative action between municipalities.
On the one hand, section 48.981 (3)(c) does not specifically exclude action under section 66.30 thereby leading one to conclude that such a contract would be allowable. This approach is consistent *Page 290 
with the admonition that section 66.30 is to be interpreted liberally in favor of cooperative action between municipalities.
On the other hand, however, it is a well-established standard of statutory construction that a more recent and specific statute controls and exists as an exception to a general statute. GrantCounty Service Bureau v. Treweek, 19 Wis.2d 548, 552,120 N.W.2d 634 (1963); 60 Op. Att'y Gen. 313, 315 (1971). The general provisions concerning local cooperation originated with the enactment of section 66.30 under chapter 210, Laws of 1939. Section 48.981 originally was created by chapter 333, Laws of 1965, but it later was repealed and recreated to resemble the present statute by chapter 355, Laws of 1977.
Although you did not ask this specific question, I am concerned that the power of the county to contract under section 66.30 (2) might not extend to the investigatory contracts anticipated under section 48.981 (3)(c). In any event, my observations concerning the more recent and specific statute controlling any earlier or general provisions applies to any possible conflict between the general contracting powers under section 46.22 (1)(e) which originally were enacted under chapter 218, Laws of 1971, and the limitation on child abuse and neglect investigations contracting under section 48.981 (3)(c) and (d) which were enacted under chapter 355, Laws of 1977.
Furthermore, the specific mention of the county department's power to contract with public or private organizations to provide continuing education and training programs under section 48.981
(8)(c) indicates that the Legislature did not intend the county department to have a general contracting authority for other purposes under section 48.981. If the county department was intended to have inherent contract authority, there would be no need for the contract reference in subsection (8)(c).
Even if a cooperative contract is made under section 66.30 (2), the services must be furnished by the county department as defined in section 48.02 (2g) and not by any other public or private agency.
DJH:DPJ *Page 291