Wisconsin DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Unemployment Compensation Division, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Yvonne Smithson, and DC Everest Area School District, Defendants-Respondents.

Court of Appeals

*No. 89-1540. Submitted on briefs January 31, 1990.—Decided February 13, 1990.*

(Also reported in 456 N.W.2d 162.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Gregory A. Frigo* and *Mary Lynn Endter* of Madison.

On behalf of the defendant-respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *Earl G. Buehler* of Madison.

On behalf of the defendant-respondent, Yvonne Smithson, the cause was submitted on the brief of *Bruce Meredith* and *Valerie Gabriel* of the Wisconsin Education Association Council of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.    The Wisconsin Department of Industry, Labor and Human Relations appeals a circuit court decision, upholding a Labor and Industry Review Commission determination that Yvonne Smithson was entitled to unemployment compensation. Smithson had been employed during a school year as a full-time substitute teacher by the DC Everest Area School District. Near the end of the school year, the school district

informed Smithson that while she would remain on the substitute teaching list the following fall, it did not anticipate more full-time work. DILHR argues that this is a reasonable assurance of reasonably similar employment under sec. 108.04(17)(a), Stats., and Wis. Admin. Code, sec. ILHR 132.04(3). Smithson and LIRC disagree and argue that if the rule compels this conclusion, it conflicts with the statute and is invalid. The parties also ask us to address the more general question of LIRC's power to invalidate or alter DILHR rules. Finally, the parties disagree whether Smithson was entitled to attorney fees for prevailing at the circuit court level.

We uphold the circuit court's and LIRC's determinations rendering Smithson eligible for unemployment compensation, and hold invalid sec. ILHR 132.04(3) as contrary to sec. 108.04(17)(a), Stats. We also hold that while LIRC lacks the power to invalidate rules, it is authorized to reach its determinations on the basis of all applicable precedent. Finally, we overturn the award of costs and hold that DILHR's appeal of the LIRC determination was substantially justified.

The facts, as determined by LIRC, were as follows:

> [Smithson] worked for about four years as a teacher for the employer, a public school district . . ..
>
> In mid-August 1987, the employe was offered and accepted a long-term substitute teacher contract from the employer which guaranteed full-time employment for the first semester of the 1987–1988 school year. In the second semester of that year, the employer expected the regular teacher to return and therefore the employe was not given a contract or guaranteed any minimum amount of work. However, the regular teacher did not return and the employe also worked full time in the second semester. The employer informed her at the end of January 1988,

that the other teacher would not be returning for the spring semester, and she would remain as a long-term substitute teacher until June of 1988. Prior to the end of that school year, the employe was offered the opportunity to place her name on the substitute teacher list for the 1988–1989 school year.

DILHR denied Smithson's initial application for unemployment compensation benefits. Smithson requested a hearing and, following the hearing, an administrative law judge (ALJ) ruled that she was entitled to unemployment compensation. DILHR appealed to LIRC, which upheld the ALJ. DILHR then appealed to the circuit court, which also found that Smithson was entitled to benefits. In addition, the court found that sec. ILHR 134.02(3) was invalid.

Our review is of the LIRC decision, and our scope of review is identical to that of the circuit court. *Nelson v. LIRC*, 123 Wis. 2d 221, 224, 365 N.W.2d 629, 630 (Ct. App. 1985). In the absence of fraud, sec. 102.23(1), Stats., or lack of support by substantial and credible evidence, sec. 102.23(6), Stats., LIRC's factual findings are binding on this court. Here, LIRC's factual findings are not disputed. Commission decisions on questions of law are not binding on this court, *see Nottelson v. DILHR*, 94 Wis. 2d 106, 116–17, 287 N.W.2d 763, 768 (1980), although generally we give deference to their legal conclusions. *Fitzgerald v. Globe-Union, Inc.*, 35 Wis. 2d 332, 337, 151 N.W.2d 136, 139 (1967).

In this case, contrary readings are urged on us by DILHR and LIRC, which both have special competence in this area. However, we decide that sec. ILHR 132.04(3), Wis. Admin. Code, is unambiguous and that this rule clearly conflicts with sec. 108.04(17)(a), Stats.

262

Given the absence of ambiguity, we look only to the language of the statute and rule and need not concern ourselves with what degree of deference we would accord either agency were the statute or rule open to interpretation. *See, e.g., Doe v. Roe,* 151 Wis. 2d 366, 374–75, 444 N.W.2d 437, 441 (Ct. App. 1989).

Before reaching the merits of the determination itself, we first address the extent of LIRC's power to deviate from DILHR rules. The nature and scope of an agency's authority is a matter of statutory interpretation. *City of Appleton v. Transportation Comm'n,* 116 Wis. 2d 352, 357, 342 N.W.2d 68, 71 (Ct. App. 1983). We review questions concerning statutory interpretation de novo. *Brown v. Thomas,* 127 Wis. 2d 318, 323, 379 N.W.2d 868, 870 (Ct. App. 1985). DILHR argues that LIRC ignored the clear language of sec. ILHR 132.04(3), thereby implicitly amending or invalidating it. They point out that rulemaking authority in this area is clearly delegated to DILHR. Secs. 101.02(1) and 108.14(2), Stats.

The instances when a rule may be found invalid are enumerated in sec. 227.40, Stats. The applicable portion states:

> The validity of a rule may be determined in any of the following judicial proceedings when material therein: . . . .
>
> (e) Proceedings under . . . ch. . . . 108 . . . for review of decisions and orders of administrative agencies if the validity of the rule involved was duly challenged in the proceeding before the agency in which the order or decision sought to be reviewed was made or entered.

Sec. 227.40(2)(e), Stats. The statute allows for a rule to be declared invalid on judicial review of administrative agency decisions and orders. It does not grant LIRC the power to ignore or alter administrative rules. LIRC does have the final administrative review of disputes over benefit eligibility. Sec. 108.09(6), Stats. However, this is not a grant of power to invalidate DILHR rules. "Any reasonable doubt about whether an agency has power implied by a statute should be resolved against the exercise of such authority." *City of Appleton,* 116 Wis. 2d at 358, 342 N.W.2d at 71.

Nevertheless, LIRC is not obligated to blindly follow DILHR's interpretations of its rules. LIRC's obligation is to review the ALJ's legal conclusions using normal rules of construction in interpreting rules and statutes and reconciling seemingly conflicting statutes or rules.[1] In this case, LIRC attempted to reconcile sec. 108.04(17)(a), Stats., and sec. ILHR 132.04(3). To the extent that LIRC erred and, for example, misconstrued an unambiguous rule, its decision is reviewable.

Our primary inquiry is whether sec. ILHR 132.04(3) can be read so as not to conflict with sec. 108.04(17)(a), Stats., as interpreted in *Leissring v. DILHR,* 115 Wis. 2d 475, 340 N.W.2d 533 (1983).[2] Section 108.04(17)(a)

[1] "[The Industrial Commission (LIRC's predecessor)] is an administrative body or arm of the government which in the course of its administration of a law is empowered to ascertain some questions of fact *and apply the existing law thereto* and in doing so acts *quasi*-judicially . . .." *Borgnis v. Falk Co.,* 147 Wis. 327, 358, 133 N.W. 209, 219 (1911). (Emphasis added.)

[2] DILHR argues that we cannot reach this issue because Smithson failed to challenge the validity of the rule during administrative proceedings. *See* sec. 227.40(2)(c), Stats. Our review of the record reveals that Smithson's major argument was

provides:

> An employe of an educational institution or an employe of a government unit or nonprofit organization who provides services to or on behalf of an educational institution and who performs services in an instructional, research or principal administrative capacity is ineligible for benefits based on such services for any week of unemployment which occurs during a period between 2 successive academic years or 2 regular terms, whether or not successive, if such employe performed such services in the first such academic year or term and if there is a contract or a reasonable assurance that such employe will perform such services in the 2nd such academic year or term.

In *Leissring,* our supreme court interpreted the phrase "reasonable assurance that such employe will perform such services."[3] The court determined that two full-time teachers who were offered part-time teaching positions for the following year were eligible for unemployment compensation under the statute. The court stated:

> An interpretation of sec. 108.04(17)(a), Stats., as requiring a reasonable assurance of employment in the following year with terms, benefits, and conditions that are reasonably similar to those of the pre-

that the rule conflicted with the holding in *Leissring.* While she may not have explicitly stated that the rule was invalid, this point can certainly be inferred from her argument. DILHR has not been surprised or prejudiced by the argument concerning the rules' validity, and we therefore address it.

[3] At the time of *Leissring,* the statute read "perform services in any such capacity," rather than the current reading "perform such services." The alteration in language squared the statute with the holding in *Leissring,* but did not effect a substantive change.

ceding year, is also consistent with other provisions of ch. 108 . . ..

. . . It is inconsistent to allow a teacher to retain benefit eligibility when he or she refuses substandard employment or employment having substantially reduced wages and hours, yet deny eligibility to the teacher during the summer period simply because he or she was offered the possibility of employment with substantially less favorable terms and conditions than those of the teacher's previous employment.

*Id.* at 490–92, 340 N.W.2d at 540.[4] *Leissring* dealt with only full-time teachers. Following the decision, DILHR promulgated sec. ILHR 132.04(3) (Aug. 1987):

Substitute Teachers. This subsection only applies to substitute teachers under s. 108.04(17)(a) and (c), Stats. A substitute teacher who worked in the academic year or term immediately preceding the weeks of unemployment which occurred between academic years or terms or during an established and customary vacation period or holiday recess has assurance of reasonably similar employment if he or she receives assurance from any educational institution of any employment as a substitute teacher, part-time teacher or full-time teacher, in the academic year or term immediately following the weeks of unemployment.

Substitute teacher is defined in Wis. Admin. Code, sec. ILHR 132.001(7) (Aug. 1987), as "a licensed teacher who occupies temporarily the position of an absent teacher."

---

[4]*See also Farrell v. LIRC,* 147 Wis. 2d 476, 433 N.W.2d 269 (Ct. App. 1988), where the court interpreted sec. 108.04(17)(a), Stats., to require a reasonable assurance of performing services in the *same* capacity, and not merely a reasonably similar capacity. *Id.* at 484, 433 N.W.2d at 273.

The circuit court held that sec. ILHR 132.04(3) violates sec. 108.04(17)(a) as interpreted by *Leissring.*

█

DILHR argues that *Leissring* only applies to full-time teachers, and we acknowledge that the decision does not indicate that its holding applies to anyone other than full-time teachers. However, *Leissring* interprets sec. 108.04(17)(a), Stats., which draws no distinction between full-time, part-time or substitute teachers. The requirement that the employment be reasonably similar applies to all workers covered by sec. 108.04(17)(a). This point is acknowledged in sec. ILHR 132.04(3), which tracks the language from *Leissring* requiring "reasonably similar" employment. Section ILHR 132.04(3) establishes a per se rule as to what constitutes "reasonably similar" employment; it does not state that "reasonably similar" employment is not required for substitute teachers.

█

Having determined that the "reasonably similar" employment standard applies, we next examine whether the per se rule in sec. ILHR 132.04(3) violates the holding of *Leissring.* We conclude it does. DILHR is correct in arguing that the rule is clear and not subject to interpretation by LIRC or this court. It defines substitute teacher and treats all who meet that definition categorically. While LIRC tried to save the rule by holding that Smithson was not a "temporary" employee under sec. ILHR 132.001(7), this goes beyond normal statutory interpretation. LIRC's argument that Smithson was not a temporary employee is simply not credible. "Temporary," as DILHR points out, is the opposite of "permanent." Should DILHR wish to attempt to classify substitute teachers by terms of full-time employment, it is free to substitute two months, or one semester, or some other

267

length of time for the term "temporary," although we do not decide whether this would comport with *Leissring*. This is a policy matter that is properly entrusted to DILHR, not LIRC. However, a substitute teacher who is guaranteed forty hours a week employment at a higher wage is not offered "reasonably similar" employment when merely placed on a substitute teacher list the following semester. The rule is in conflict with the statute and is therefore invalid.[5]

Applying the facts surrounding Smithson's case to sec. 108.04(17)(a), Stats., we affirm LIRC's determination that she is entitled to unemployment benefits. Smithson taught full-time under contract the first semester and was also assured full-time work for the second semester.[6] She was paid a salary almost double that of substitute teachers merely hired off the list. Under these circumstances, a place on the substitute teaching list the following year is not "reasonably similar" employment under *Leissring* because the terms, benefits, and conditions are markedly different.

---

[5]The rule is also in conflict with the intent behind ch. 108. The Unemployment Compensation Act is remedial in nature and should be liberally construed. *Princess House, Inc. v. DILHR*, 111 Wis. 2d 46, 62, 330 N.W.2d 169, 177 (1983).

[6]The record is not as clear as LIRC's factual findings made it out to be. While LIRC found "the employer informed her at the end of January 1988, that . . . she would remain as a long-term substitute teacher until June of 1988," undisputed testimony shows that LIRC's language should be qualified to reflect that Smithson was required to leave if the teacher returned from leave. However, an offer of a full-time, albeit temporary, position subject to that one condition, at a substantially higher rate of pay, is not reasonably similar to being placed on a substitute teaching list.

Finally, we reverse the circuit court's award of costs to LIRC and Smithson.[7] Costs are available to the prevailing party in "any action by a state agency or in any proceeding for judicial review under sec. 227.485(6)." Sec. 814.245(3), Stats.[8] DILHR argues that by categorizing an appeal of LIRC's determination as an action by a state agency, we render superfluous the second clause of the statute. *See, e.g., State ex rel. Smith v. City of Oak Creek,* 139 Wis. 2d 788, 796, 407 N.W.2d 901, 904 (1987) (construction that makes portion of statute superfluous should be avoided). We are not certain this is the case although, to be candid, we cannot hypothesize a proceeding for judicial review under sec. 227.485(6), Stats., that would not also be an action by a state agency. Nonetheless, we hold the language "*any* action by a state agency" to be clear on its face, and applicable here, especially given the remedial nature of the statute. *See Sheely v. DHSS,* 150 Wis. 2d 320, 336, 442 N.W.2d 1, 8–9 (1989) (citing *Berman v. Schweiker,* 713 F.2d 1290, 1297 (7th Cir. 1983), on purposes behind the Equal Access to Justice Act, a parallel federal statute).

---

[7]Smithson argues that DILHR did not contest the award of costs at the circuit court level. DILHR responds that the court awarded costs at the same time it decided the merits of the case, thereby denying it the chance to argue the motion. After review of the record, we conclude that DILHR has not waived its right to contest the award of costs.

[8]Section 814.245(3) provides:

> If an individual, a small nonprofit corporation or a small business is the prevailing party in any action by a state agency or in any proceeding for judicial review under s. 227.485(6) and submits a motion for costs under this section, the court shall award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

Costs, however, should only be awarded if DILHR's position was not substantially justified. We review the circuit court's finding on this question for an abuse of discretion. *Sheely,* 150 Wis. 2d at 337, 442 N.W.2d at 9. Here, we find such an abuse. LIRC had no authority to rule on the validity of the rule, and their interpretation of the rule conflicted with its plain language. *Leissring* had not addressed the applicability of the "reasonably similar" employment test to part-time or substitute teachers. While we in the end agree that the rule conflicts with the statute, we cannot say that DILHR's initial appeal to the circuit court was not substantially justified. As an alternative basis, we hold the need for judicial review of the validity of a rule, which is beyond LIRC's power, is in most instances a special circumstance justifying the denial of costs. *See* sec. 814.245(3), Stats.

*By the Court.*—Judgment affirmed in part and reversed in part. No costs are awarded.